J-S89038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANTHONY PITTS | |
| Appellant | No. 459 EDA 2016 |

Appeal from the PCRA Order January 15, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0508691-1989

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 16, 2016**

Appellant, Anthony Pitts, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his serial Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant challenges the legality of his sentence. We affirm the PCRA court's order and deny the Commonwealth's motion to accept its brief as timely filed.

On March 12, 1990, the trial court convicted Appellant of first-degree murder and possessing an instrument of crime ("PIC"). The court sentenced Appellant on June 6, 1990, to life imprisonment for murder, and a concurrent two to five years' imprisonment for PIC. This Court affirmed the judgment of sentence on August 16, 1991, and our Supreme Court denied

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

allowance of appeal on February 10, 1992. Appellant filed his first PCRA petition *pro se* on December 26, 1996. The PCRA court appointed counsel, and subsequently dismissed Appellant's petition. This Court affirmed the dismissal. Thereafter, Appellant litigated several unsuccessful PCRA petitions between 2004 and 2014.

On January 23, 2015, Appellant filed the instant *pro se* "Petition for Writ of Habeas Corpus Ad Subjiciendum," which the court treated as his current PCRA petition. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response, and the PCRA court dismissed Appellant's petition as untimely on January 15, 2016.

Appellant timely filed a *pro se* notice of appeal on January 29, 2016. A review of the record and docket reveals the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

    I.    Should the petition filed [be] treated as a writ of habeas corpus as there is no remedy available through PCRA?

    II.    Did the PCRA court err by not addressing the fact that Appellant is serving an illegal sentence, which is never waived and may be raised at any time?

Appellant's Brief at 3.

Appellant argues his sentence of life imprisonment for first-degree murder was illegal because at the time of his sentence, 18 Pa.C.S. § 1102 "improperly directed the [s]entencing [c]ourt to 18 Pa.C.S. § 1311(d), which had already been repealed." *Id.* at 8. We conclude Appellant is not entitled to relief.

"[T]he PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA[.]" ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998). As claims challenging the legality of a sentence are cognizable under the PCRA, a petitioner must first satisfy the PCRA's jurisdictional time limits. ***Commonwealth v. Jackson***, 30 A.3d 516, 521-22 (Pa. Super. 2011).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> [T]he PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

When a petition is filed outside the one-year time limit, the petitioner must plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." (citation omitted)). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, the PCRA court properly regarded Appellant's petition as a PCRA petition. *See Peterkin*, 722 A.2d at 640. Appellant's judgment of sentence became final on May 10, 1992, ninety-days after our Supreme Court denied allowance of appeal. *See Jones*, 54 A.3d at 17; 42 Pa.C.S. § 9545(b)(3). Thus, his current petition, which was filed more than twenty-two years later on January 23, 2015, is untimely on its face. Moreover, Appellant has not asserted that any of the timeliness exceptions in Section 9545(b)(i)-(iii) apply in this case. Accordingly, the PCRA court lacked jurisdiction to consider the merits of Appellant's claim, and we affirm the dismissal of Appellant's untimely PCRA petition. *See Johnston*, 42 A.3d at 1126.

Order affirmed. Commonwealth's motion to accept its brief as timely filed is denied.[2]

---

[2] Given our disposition, we deny the Commonwealth's motion to accept its brief as timely filed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016